[Civ. No. 2909.   First Appellate District, Division Two.—August 13, 1919.]

In the Matter of the Estate of MARGARET GRAHAM, Deceased.   BRIDGET POLLOCK et al., Appellants, v. R. B. TAPPAN, as Executor, etc., et al., Respondents.

[1] WILLS — EXECUTION OF CODICIL — REFERENCE TO WILL.—A codicil must refer to some will, and if no express will is mentioned, it will be taken to refer to the will last in date.

[2] ID.—SUFFICIENCY OF REFERENCE TO WILL — REPUBLICATION UNNECESSARY.—Where the testatrix has executed two wills, it is not necessary that a subsequent codicil be physically attached to or contain sufficient reference to the second of said wills to republish it, such will not having been revoked.

[3] ID.—MEANINGLESS PROVISION IN CODICIL—EFFECT ON VALIDITY OF REMAINDER.—If such codicil contains a provision revoking a bequest not contained in such second will, such provision is meaningless and may be disregarded without invalidating the remainder of the document.

APPEAL from an order and judgment of the Superior Court of Alameda County admitting two certain documents to probate as a will.   William S. Wells, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Peter J. Crosby and Samuel L. Samter for Appellants.

F. A. Berlin and L. R. Weinmann for Respondents.

LANGDON, P. J.—This is an appeal from an order and judgment of the superior court for the county of Alameda, admitting to probate as the last will of Margaret Graham, deceased, two certain documents hereinafter described.

The facts of the case are: Margaret Graham died on July 9, 1917, leaving as her only heirs at law the appellants, Bridget Pollock, Sarah Burns, and Mary Wall, sisters, and appellants, Eva Schutte and Lillie Terwilliger, nieces, daughters

1.   What are, and construction and effect of, codicils to wills, note, 55 Am. Dec. 126.

2.   Necessity of physical attachment of codicil to will in order to be effective, note, 14 Ann. Cas. 472.

of a deceased sister. Her estate was valued at about nine thousand dollars. She had previously executed three testamentary documents—two wills and a codicil. The two wills were executed on the same day—May 17, 1917—one in the morning and the other in the afternoon. The codicil was executed on June 25, 1917. The will executed in the morning and the codicil were filed for probate on July 12, 1917, and later, on November 13, 1917, an amended and supplemental petition for probate was filed which stated that two wills and a codicil had been left by deceased, set out the second will as well as the first will and codicil, and asked the court to admit to probate such of the documents as might be determined to be valid wills of the deceased. A contest was filed by the appellants upon several grounds, all of which were decided against the contestants, and the second will and the codicil were admitted to probate as constituting the last will of deceased. There were a number of grounds of contest, but as the appeal is taken upon the judgment-roll alone and no evidence is before us, we may not review the findings upon the questions of fact presented by the contest, and the condition of the record invites our consideration only to the question of law as to the correctness of the action of the trial court in admitting to probate the instrument entitled "Codicil to My Last Will." It is appellants' contention that the second will alone should have been admitted to probate; that it appears upon the face of the codicil that it was not a codicil to such will and that it was, therefore, improperly admitted to probate.

The relevant facts with respect to these several documents are: The documents were all executed with proper formalities. In the first will the testatrix directs her executor to pay five hundred dollars to Rev. Father Galvin; three hundred dollars to Annie Fortman; five hundred dollars to St. Joseph's Church; five hundred dollars to the same church for prayers; two hundred dollars to R. B. Tappan, and the residue of the estate is devised to Maria Anderson, of San Francisco. By this will all former wills are revoked. By the second will the testatrix bequeathed five hundred dollars to Father Galvin; two hundred dollars to R. B. Tappan; three hundred dollars to Annie Fortman; five hundred dollars to St. Joseph's Church, and five hundred dollars to the same church for prayers, and by this instrument no disposition is made

of the residue of her estate. All former wills are expressly revoked by this second will, and the statement is made: "I give nothing to my relatives because of their neglect of me." It will be observed that the substantial difference in the two wills is that in the first will Maria Anderson is named as residuary legatee, while in the second the residuary estate is not devised at all. The other document admitted to probate is entitled "Codicil to My Last Will." It bequeaths fifty dollars each to the three sisters of the testatrix, who are appellants here, and then proceeds as follows: "I declare this to be a codicil to my last will. I strike out my bequest in my will to Maria Anderson—the residuary legatee. I strike out my bequest to Mrs. Annie Fortman and make her the residuary legatee. I give her the residue of my estate."

The contention of appellants is that this instrument was intended as a codicil to the first will, which had been expressly revoked by the second will, because it refers to and revokes the residuary bequest to Maria Anderson, who is named only in the first and not in the second will. In all other respects it might apply equally to the second as to the first will. Appellants contend that said codicil should not have been admitted as a codicil to the second will; that the second will should have been admitted to probate alone, and that as said second will did not dispose of the residue of the estate, as to such residue the testatrix died intestate. The trial court has concluded that the codicil did not refer to the first will in a sufficiently specific manner to republish said will. Obviously, appellants are not complaining of this holding, because if the first will had been republished by the codicil, the appellants would have had no interest in the residuary estate. Since the codicil did not specifically refer to the first will, nor specifically refer to any other will in existence, it must be taken to refer to the last executed will. [1] A codicil must refer to some will, and if no express will is mentioned, it will be taken to refer to the will last in date. (1 Woerner on Administration, p. 90, sec. 47; *Crosbie* v. *Macdoual*, 4 Ves. Jr. 610, 615.) [2] It is not necessary in order to support the judgment of the trial court that this codicil should contain sufficient reference to the second will to republish said second will, because said second will was never revoked and required no republication. Exact and definite reference or physical attachment thereto

becomes unnecessary. [3] The provision in the codicil revoking the bequest to Maria Anderson may be disregarded under well-established rules of construction. (*Matter of Estate of Wood*, 36 Cal. 75, 81.) It becomes meaningless because it has nothing upon which to operate. This does not invalidate the remainder of the document, however. In all other particulars the two documents are harmonious and may be construed together. (Civ. Code. sec. 1320.) The ruling of the trial court, and the operation of the two documents standing together, seem to be entirely consistent with the intent of the testatrix as it appears from the documents in evidence. The holding of the trial court is also in accord with the rule that a construction favorable to testacy rather than to intestacy should be indulged wherever possible.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.